PER CURIAM.
Appellant, Valencia Greene, appeals her conviction and sentence for grand theft. She contends that the case presented by the state was purely circumstantial and that the state failed to present evidence from which the jury could exclude every reasonable hypothesis of innocence. She argues that the trial court therefore should have granted her motion for judgment of acquittal. We agree and reverse.
Appellant was a teller at a state banking facility. Her function was to cash checks. At the start of each business day, each teller was given a cash box with a fixed supply of currency. When cashing a check, a teller would give currency to the customer and retain the cancelled check in the teller’s cash box. At the end of the day, each teller’s currency was replenished by the supervisor in an amount equal to the checks which had been cashed throughout the day. The method used to determine the balance in a teller’s cash box was to total the cash and cancelled checks and compare it to the day’s starting balance. In May 1989, an audit of appellant’s cash box showed $13,586.88 to be missing.
Appellant was charged with grand theft in violation of section 812.014(l)(c), Florida Statutes. At the close of the state’s case, she moved for judgment of acquittal. The motion was denied. The jury found her guilty as charged, and she was placed on five years probation.
According to the testimony of Greene’s supervisor, if a teller mistakenly gave a customer not only currency, but also his cancelled check, the teller’s cash box balance would show a deficit in the amount of that check. The state did not identify any procedure whereby such a mistake could be identified and corrected. Although the evidence demonstrated that there was a deficit in appellant’s balance at the end of the day in question, there was no method for determining whether the “value” that was missing was stolen cash or simply missing cancelled checks.
When a criminal defendant moves for a judgment of acquittal in a case based entirely on circumstantial evidence, the trial court must decide whether the evidence would support the jury’s conclusion that all reasonable hypotheses of innocence have been excluded. Warren v. State, 475 So.2d 1027 (Fla. 1st DCA 1985). The Florida Supreme Court said in State v. Law, 559 So.2d 187 (Fla.1989), that:
a motion for judgment of acquittal should be granted in a circumstantial evidence case if the state fails to present evidence from which the jury can exclude *854 every reasonable hypothesis except that of guilt.
In presenting its case, the state failed to prove that the imbalance in Greene’s cash box at the end of each day was attributable to missing currency.
Appellant raises other arguments in support of reversal focusing on the state’s failure to establish with sufficient certainty its contention that no other person had access to her cash box in her absence. In view of our finding that the lack of proof on the essential element, that is, of the actual loss of cash, we find it unnecessary to discuss the additional arguments.
Because the state failed to present evidence from which the jury could exclude every reasonable hypothesis of innocence, the motion for judgment of acquittal should have been granted.
The judgment is REVERSED, and the appellant is discharged.
ERVIN, SMITH and ZEHMER, JJ., concur.